UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| ORTEGA WILTZ | ] | |
| --- | --- | --- |
|     Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:09-0296 |
| | ] | Judge Trauger |
| JAMES FORTNER, WARDEN | ] | |
|     Respondent. | ] | |

## **M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against James Fortner, Warden of the facility, seeking a writ of habeas corpus.

On August 2, 2002, a jury in Davidson County found the petitioner guilty of two counts of facilitation of especially aggravated kidnapping.[1] Docket Entry No. 12-1 at pgs. 116-118. For these crimes, he received consecutive sentences of twenty (20) years in prison. *Id.* at pgs. 137-141. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No. 12-14. The Tennessee Supreme Court later denied petitioner's application for further review of the convictions. *Id.* at pg. 2.

A *pro se* petition for state post-conviction relief was then filed in the Criminal Court of

---

[1] The petitioner was also convicted of facilitation of aggravated kidnapping. Prior to sentencing, however, this conviction was merged with one of the especially aggravated kidnapping convictions. Docket Entry No. 12-1 at pg. 117.

1

Davidson County. Docket Entry No. 12-16 at pgs. 17-48. Counsel was appointed to represent the petitioner and an amended post-conviction petition was filed. *Id.* at pgs. 56-58. Following an evidentiary hearing, the trial court denied the petition. *Id.* at pgs. 65-82. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 12-21. Once again, the Tennessee Supreme Court rejected the petitioner's application for additional review. *Id.* at pg. 2.

On March 27, 2009, the petitioner filed the instant petition for writ of habeas corpus. Docket Entry No. 1. The petition sets forth three claims for relief which include:

>  (1) the petitioner is actually innocent of the crimes;
>
>  (2) trial counsel was ineffective[2]
>  >  a) "for failing to investigate and secure mental records for a possible insanity defense"; and
>  >  b) "because he waived the petitioner's preliminary hearing without the petitioner's consent".
>
>  (3) the post-conviction trial court violated the petitioner's due process rights when it failed to rule upon issues that were raised by the petitioner in his original post-conviction petition.

A preliminary examination of the petition was conducted after which it was determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 2) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is the respondent's Motion to Dismiss (Docket Entry No.

---

[2] At trial, petitioner was represented by Ronald E. Munkeboe, a member of the Davidson County Bar.

2

10) the petition, to which the petitioner has offered no reply. Upon consideration of this pleading, the petition and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

The petitioner has alleged that the post-conviction trial court violated his due process rights by failing to address the issues he raised in his original post-conviction petition (Claim No. 3). In order to sustain a claim for federal habeas corpus relief, the petitioner must set forth factual allegations suggesting that his convictions are in some way constitutionally defective. 28 U.S.C. § 2254(a); Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). A state is not constitutionally required to provide a convicted felon with the means by which he can collaterally attack his conviction. Pennsylvania v. Finley, 107 S.Ct. 1990, 1994 (1987). Thus, a federal writ of habeas corpus will not issue when a petitioner is merely challenging errors or deficiencies arising from a state post-conviction proceeding. Kirby v. Dutton, 794 F.2d 245 (6th Cir. 1986). Therefore, petitioner's claim relating to his post-conviction proceeding will not support an award of habeas corpus relief.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent

to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

The petitioner alleges that he is actually innocent of the crimes (Claim No. 1) and that he was, in two instances, denied the effective assistance of counsel (Claim No. 2). A review of the record shows that these claims were never offered to the state courts for consideration. *See* Docket Entry Nos. 12-12 and 12-19. Unfortunately, at this late date, state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 97 S.Ct. 2497, 2505 (1977); Engle v. Isaac, 102 S.Ct. 1558, 1573 (1982).

The petitioner has shown neither cause for his failure to properly exhaust these claims nor

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

4

any prejudice arising from them. Therefore, his procedural default of these claims is unexcused and will not support an award of habeas corpus relief.[4]

While the petitioner did not exhaust his claim of actual innocence in the state courts, he did question on direct appeal the sufficiency of the evidence used to convict him. Docket Entry No. 12-12 at pgs. 21-23. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.*, at 120 S.Ct. 1511.

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When

---

[4] It should also be noted that a free standing claim of actual innocence is not cognizable in a federal habeas corpus proceeding outside the death penalty context. Herrera v. Collins, 506 U.S. 390, 400 (1993).

5

weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.*, at 99 S.Ct. 2789.

The jury heard each of the two victims (Willie Robertson and Rick Harbin) testify that the petitioner was one of the three men who had threatened, bound and assaulted them. Docket Entry Nos. 12-2 at pgs. 41-42; 12-4 at pgs. 13-14. The petitioner was identified as having slashed the throat of the one of the victims, Docket Entry No. 12-2 at pg. 20, and hitting the other in the head with a sledge hammer. Docket Entry No. 12-2 at pg. 144. The petitioner was seen driving off in a car belonging to one of the victims with a four year old child asleep in the car. Docket Entry No. 12-2 at pg. 25. From this testimony, any reasonable trier of fact could have found the petitioner guilty of two counts of facilitation of especially aggravated kidnapping. Accordingly, the petitioner's factual innocence/sufficiency of the evidence claim has no merit.

Having carefully reviewed the record, the Court finds that the petitioner has failed to state an actionable claim for relief. Respondent's Motion to Dismiss, therefore, has merit and shall be granted.

An appropriate order will be entered.

                                                Aleta A. Trauger
                                                United States District Judge

6

Case 3:09-cv-00296   Document 14   Filed 07/02/09   Page 6 of 6 PageID #: 1389